IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBARA JOHNSON**                                                        **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.** 3:17-cv-790-HSO-JCG

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                  **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Barbara Johnson, by any through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Americans With Disabilities Act of 1990, as amended, and the Rehabilitation Act of 1973 against the Defendant, Mississippi Department of Child Protection Services.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Barbara Johnson, is an adult female resident of Hinds County, Mississippi, residing in Jackson, Mississippi 39209.

2. Defendant, Mississippi Department of Child Protection Services, is a government agency, located in Jackson, Mississippi. Defendant may be served with process through the Mississippi Attorney General's Office: Jim Hood, Mississippi Attorney General, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

**JURISDICTION AND VENUE**

3. This court has federal question and civil rights jurisdiction for a cause of action arising under the ADA and the Rehabilitation Act.

4. This Court has personal and subject matter jurisdiction over the

Defendant and venue is proper in this Court.

5. The jurisdiction of this Court is invoked pursuant to the ADA and the Rehabilitation Act. The unlawful employment practices were committed within the jurisdiction of this Court.

6. Venue is appropriate in the United States District Court for the Southern District of Mississippi, in that the Defendant has significant contacts within this district, the Plaintiff resides within this district, and the events that gave rise to this cause of action occurred in this district.

7. On December 16, 2017, Plaintiff timely filed her initial Charge of Discrimination with the EEOC, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on June 29, 2017, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

8. On March16, 2017, Plaintiff timely filed a subsequent Charge of Discrimination with the EEOC, a true correct copy of which is attached as Exhibit "C". The EEOC issued a Notice of Right to Sue on June 29, 2017, a true and correct copy of which is attached as Exhibit "D".

## STATEMENT OF FACTS

9. Plaintiff, Ms. Barbara Johnson is a 58-year old African American female. Johnson was hired as a Business Systems Analyst II in November of 2007, with the Mississippi Department of Child Protection Services. Johnson was paid an annual salary of $56,623. Johnson was terminated on March 10, 2017.

10. Johnson has cancer and receives chemotherapy treatments. Defendant moved office locations in December 2017 and a limited number of handicap spaces were available.

10. Johnson requested a handicap parking space in December 2016, but was denied an accommodation by Systems Manager, Carolyn Bridges three (3) weeks later. Johnson told Bridges that there were not enough handicap spaces in the rear parking lot, and asked for permission to park in the front lot.

11. Bridges told Johnson that she was not allowed to park in the front lot and to "get to work earlier."

12. Johnson informed Bridges that her medical condition required her to go to doctor's appointments and chemotherapy treatment visits, and she needed to be guaranteed a handicap space when she returned. Bridges reiterated that Johnson was not allowed to utilize the front parking lot.

13. Johnson filed an EEOC Charge of Disability Discrimination on December 16, 2016 (EEOC Charge #423-2017-00558). Johnson was terminated in retaliation for filing that charge.

14. On March 10, 2017, in a meeting with Deputy Administrator Cindy Greer, Johnson was terminated without reason. Johnson asked multiple times why she was being terminated and Greer responded that according to Defendant's Policy and Procedures they were not required to give her a reason.

15. During the course of the EEOC investigation, Defendant claimed that Johnson was terminated for "not completing her job duties in a timely manner" and for "failing to obey directives. "

16. Defendant failed to identify any specific task that Johnson failed to complete on time or directive that she failed to obey.

17. Upon being terminated, Johnson filed an EEOC Charge of Retaliation (EEOC Charge #423-2017-01136).

## CAUSES OF ACTION

### COUNT ONE:   VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – DISCRIMINATION AND RETALIATION

16. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 15 above as if fully incorporated herein.

17. The Defendant violated the ADA by discriminating against Plaintiff because of her disability and failure to accommodate her request to a reasonable accommodation.   Further, Defendant retaliated against Plaintiff by terminating Plaintiff's employment in response to her filing an EEOC Charge based on her disability and/or perceived disability.

18. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

19. As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer lost earnings and benefits, emotion pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

### COUNT TWO: VIOLATION OF THE REHABILITATION ACT OF 1973-DISCRIMINATION AND RETALIATION

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. The Defendant violated the ADA by discriminating against Plaintiff because of her disability and failure to accommodate her request to a reasonable accommodation.   Further, Defendant retaliated against Plaintiff by terminating Plaintiff's employment in response to her filing an EEOC Charge based on her disability and/or perceived disability.

22.	By Defendant's actions, it shows a direct and causal connection between the Plaintiff invoking her federally protected rights and the resulting termination by her employment.  As such, Defendant unlawfully discriminated and retaliated against Plaintiff because of her disability as defined by the ADA and the Rehabilitation Act.

23.	Defendant has discriminated and retaliated against Plaintiff by terminating her employment because of her disability, cancer, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

24.	Defendant has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

25.	By reason of Defendant's discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury

1. Back pay
2. Front pay or reinstatement
3. Compensatory damages;
3. Punitive damages;
4. Attorney's fees;
5. Costs and expenses; and
6. Any other relief to which she may be properly entitled.

THIS the 27th day of September 2017.

Respectfully submitted,

BARBARA JOHNSON, PLAINTIFF

By: s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.   (MB# 9053)

              Nick Norris (MB#101574)
              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com